-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GUY McEACHIN, 00A5257

    Plaintiff,

-v-

LEONARDO BEK, JOHN WHITEFORD,
JOHN CONWAY and/or JOHN DOE,
JOHN DOE (CORC), and JANE DOE (DOCS),

    Defendants.

**DECISION and ORDER**
06-CV-6453CJS(Fe)

---

## INTRODUCTION

Plaintiff, Guy McEachin, an inmate of the Attica Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1), and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants, Leonardo Bek, John Whiteford, John Conway and /or John Doe, John Doe (CORC), and Jane Doe (DOCS)[1] violated his rights by retaliating against him for filing grievances by denying his participation in the family reunion program, denying him due process in denying his participation, and discriminating against him on the basis of a medical condition because the preconditions justifying denying his participation are not available to him because of his medical condition. For the reasons discussed below, plaintiff's claims may be dismissed under 28 U.S.C. § 1915(e)(2)(B), unless plaintiff files an amended complaint as directed below.

---

[1] As discussed below, plaintiff has attempted to identify some or all of the John Doe and Jane Doe defendants.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff's facts and named defendants are set forth in four different filings. His original complaint stated facts related to his claims, but because of his inability to identify certain individual defendants at that time, he named John Doe and Jane Doe defendants (Docket No. 1). Plaintiff then filed a motion for an injunction and expedited hearing in which he amplified his allegations, particularly as to retaliation. There are allegations therein as to defendants not named in the complaint (Docket No. 3). Plaintiff then requested to amend his complaint to identify defendants previously identified as John and Jane Doe defendants, and suggested that he wished to add additional facts related to retaliation and new defendants (Docket No. 5). Plaintiff has now filed a motion to supplement the complaint only, by identifying two previously unidentified John and Jane Doe defendants (Docket No. 6). All of plaintiff's filings have been considered in the Court's review.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.". *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that one of plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii) and 1915A(b), and unless plaintiff files an amended complaint as directed below, several of plaintiff's claims must be dismissed because they fail to state a claim upon which relief may be granted.

**Due Process**

Plaintiff's claim that he was denied due process in the denial of his application for the family reunion program is subject to dismissal with prejudice. To the extent that plaintiff alleges that he was deprived of a liberty interest in violation of his constitutional rights, plaintiff must demonstrate that he possessed a protected liberty or property interest and that he was deprived of that interest without due process. *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996); *Frazier v. Coughlin*, 81 F.3d 313, 316 (2d Cir. 1996). It is well-established that contact visits are a privilege for inmates, not a right. *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *Hernandez v. Coughlin*, 18 F.3d 133, 136-138 (2d Cir.), *cert. denied*, 513 U.S. 836 (1994); *see generally Sandin, supra*. Therefore, the Court finds that plaintiff's liberty interests were not implicated by the denial of family reunion program visits.

**Retaliation**

Although the plaintiff can not state a due process cause of action under 42 U.S.C. § 1983 merely because he was denied the privilege of participating in the family reunion program, he may state a cause of action for retaliation based on denial of the program if it was primarily motivated out of retaliation.

It is not clear whether by his last filing plaintiff intended to rescind his request to amend the complaint, which he may do once as a matter of right prior to a responsive pleading being filed by the defendants. However, the facts plaintiff has alleged in his various filings relating to retaliation are confusing, such that the Court cannot adequately review them to determine if plaintiff can state a cause of action against each of the named defendants, and the defendants would have a difficult time answering them. For those reasons, plaintiff is directed to amend his complaint to clearly state all facts related to retaliation. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) (holding that "[s]parse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (stating that leave to amend "shall be freely given when justice so requires"). Plaintiff must state who retaliated against him, in what specific way, and what the basis of the retaliation was. Moreover, he must state what the personal involvement was of each defendant he wishes to hold responsible for retaliation and name or identify them in the Caption of the amended complaint.

**Discrimination**

Plaintiff may also be able to state a cause of action for discrimination under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), the Rehabilitation Act, and/or

4

New York State Human Rights Law. However, the facts alleged by plaintiff are too cursory for the Court to determine if he could have a condition that would qualify him under any of those acts. The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §§ 12182(a). To state a claim for discrimination under the ADA, a plaintiff must allege that: (1) he has a disability as defined by the ADA, 42 U.S.C. § 12102(2); (2) that a person who owns, leases (or leases to), or operates a place of public accommodation discriminated against him; (3) on the basis of his disability. 42 U.S.C. §§ 12182(a) & (b). A disability is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual . . . or being regarded as having such an impairment." 42 U.S.C. § 12102(2)(A).

The Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included. Plaintiff must specifically allege what his medical condition is. He has referred to a back condition that requires him to be "locked" on the first floor and a sensory disability. It is not clear whether they are two separate conditions and what the basis for the discrimination he alleges is, and against whom or what entity. Although an action under Section 1983 cannot be brought against the state, an action under the ADA may have to be brought against the state or the state agency. If plaintiff is alleging that his disability should be accommodated, he should state in what manner he believes his disability should be accommodated.

Further, plaintiff is directed to more specifically allege what the personal involvement of the defendant identified in the caption as John Doe (CORC) in the alleged violations was.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and has filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's claims regarding denial of due process are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e). In addition, plaintiff's claims regarding retaliation and discrimination may be dismissed pursuant to 28 U.S.C. § 1915(e), unless plaintiff files an amended complaint by *MARCH* **27, 2007,** in which he sufficiently pleads the retaliation and discrimination claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the claims regarding retaliation and discrimination may be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's claims regarding denial of due process are dismissed with prejudice;

FURTHER, that plaintiff is granted leave to file an amended complaint regarding only his claims of retaliation and discrimination as directed above by MARCH 27, 2007;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint and attachments, the motion for injunction, a blank Section 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, the Clerk of the Court shall correct the caption to identify John Doe (Superintendent) as Sandra Dolce, Deputy Superintendent of Program (Superintendent designee), and Jane Doe (DOCS) as Mark J. Leonard, Director of DOCS Ministerial & Family Volunteer Service.

SO ORDERED.

Dated: 02 / 11 , 2007
Buffalo, New York

_____
WILLIAM M. SKRETNY
United States District Judge