UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GUY McEACHIN,

                Plaintiff,

                                                                                              DECISION AND ORDER

vs.                                                                                               06-CV-6453 CJS

LEONARD BEK, et al.,

                Defendants.

_____

## INTRODUCTION

This matter is before the Court on Plaintiff's application to reconsider his prior motions for injunctive relief. For the reasons stated below, the Court denies plaintiff's motion (Docket No. 33) to reinstate his prior application for injunctive relief, and will set a hearing date to be conducted via video conference to further develop the facts to determine whether injunctive relief is warranted based on Plaintiff's latest application (Docket No. 37).

## BACKGROUND

In it's Decision and Order of May 16, 2008 (Docket No. 38), the Court determined that the proposed second amended complaint was now the sole operative pleading in this case and that, since it had previously dismissed all claims against Dr. Coniglio, the claims asserted against him in the proposed second amended complaint were also dismissed. The Court then gave Defendants time to file any opposing papers to Plaintiff's application (Docket No. 33) for a temporary restraining order. Defendants filed their response on May 30, 2008, and the Court, on June 3, 2008, received a reply from Plaintiff (Docket No. 39). In addition, Plaintiff requested that the Court delay ruling on his motion (Docket No.

33) for ten days. That time having now passed, the Court issues the following ruling on Plaintiff's renewed motion for a temporary restraining order or preliminary injunction (Docket No. 33).

Plaintiff's motion (Docket No. 33) provides no basis for injunctive relief. It asks, instead for "an immediate hearing to *relitigate his prior motion* for [a] [t]emporary [r]estraining [o]rder (TRO) and [p]reliminary [i]njunction." (Pl.'s Mot. For Reinstatement to Previous[ly] File[d] Temporary Restraining Order, Preliminary Injunction, Pursuant to Rule 65 of the Federal Rule[s] of Civil Procedure, Docket No. 33, at 1 (emphasis added).) In response to Plaintiff's motion to relitigate his prior application, Defendants' counsel has observed that, "the plaintiff 'does not draw this Court's attention to an intervening change in law, new evidence, or the existence of clear error or manifest injustice.'" (State Decl. In Opp'n to Pl.'s Mot. (Docket No. 33) for Injunctive Relief (Docket No. 39), at 2.) Although he filed a second amended complaint, he makes no argument in his current motion that the facts alleged in his second amended complaint support issuance of injunctive relief.

In his original application (Docket No. 3), filed on November 14, 2006, Plaintiff sought an order transferring him from the Department of Correctional Services facility from which he wrote (not identified in his affidavit, but a return address on Exhibit A showed he was writing from Attica Correctional Facility). (Aff. for Order to Show Cause, Preliminary Injunction and Temporary Restraining Order (Docket No. 3), Ex. A.) He alleged that he was being harassed by correctional officers and denied privileges that would cause the break up of his marriage. On November 20, 2006, the Court entered an Order (Docket No. 4) in which it denied Plaintiff's first application. In it's Order, the Court wrote that Plaintiff had shown no authority for the Court to issue the relief requested (transfer to another facility)

and determined that Plaintiff did not meet the rigorous requirements of a Fifth Circuit case, *Streeter v. Hooper*, 618 F.2d 1178 (5th Cir. 1980), which held that a district court order directing transfer of an inmate was justified on the particular facts of that case. (Order Denying Plaintiff's Application for a Temporary Restraining Order, *McEachin v. Bek*, No. 06-CV-6453CJS (W.D.N.Y. Nov. 20, 2006), at 2-3.) The Court distinguished the situation in *Streeter*, since Plaintiff here did not allege that he was "in danger of suffering physical harm…." (*Id.*)

On July 19, 2007, Plaintiff filed a second application for injunctive relief (Docket No. 13). In that application, he stated the following: that he had been placed on a restricted diet in violation of a recent settlement agreement; that the office of mental health staff failed to prevent him from cutting himself, resulting in an injury that required 21 stitches to close; that he had been assaulted by a correctional officer who hit him three times in the back of the head with a closed fist, and then sexually assaulted him by trying to insert his fingers into Plaintiff's rectum; that he was also physically assaulted by two other correctional officers who slammed the feed hatch of his cell onto his left arm with force, causing him to lose feeling in his arm; that he was denied treatment for his arm; and that he was given a roll of soiled toilet paper by a correctional officer. (Addendum to Aff. For Order to Show Cause, Preliminary Injunction, Temporary Restraining Order, Docket No. 13, at 2-3.)

On August 6, 2007, Plaintiff filed a motion for reconsideration of the Court's November decision (Docket No. 14). On September 7, 2007, the Court held a hearing via video conference in which Plaintiff and defense counsel participated. The Court addressed three motions Plaintiff had pending at the time. In regard to his to reconsider the November 17, 2007, Order, the Court denied it finding that Plaintiff had not met the standards for

reconsideration. As to plaintiff's new motion for a preliminary injunction, the Court denied it with leave to renew the motion once the Court issued a decision on his motion to file a supplemental complaint. Finally, with regard to Plaintiff's motion to file a supplemental complaint, the Court ruled that the proposed complaint needed to be filed before the Court could rule on it.

In a third application filed on April 17, 2008 (Docket No. 37), Plaintiff renewed his request to be transferred, and again alleged irreparable harm. He alleged, in particular, that, he was being

> subjected to the Assault(s), harassments [sic], discrimination, and retaliation actions of the defendant's and other facility officials (victim of the buddy-buddy system that exist[s] here at Attica, C.F.) from further violationg plaintiff's 1st, 8th, 14th Amendment to the U.S. Constitution of Due Process of Law, and their own governing directive #4500, and Correction Law § 137.5, from participating in the Family Reunion Program (herein FRP) and free from assaults by staff. While in general population, as I now sit in fear for my life. That plaintiff be afforded equal protection of the law, to strengthen his marriage and family ties as encourage[d] by their governing Directive 4500… until a final deposition [sic] on the merits of the above entitled action.
>
> Unless this order is issued (granted), I will suffer immediate, irreparable, and continous [sic] harm, loss and damages in that:
>
> Note: Plaintiff has filed an [sic] motion as the one submitted herein back in 2006 (which you denied), then again in 2007 (June) (again in which you denied). Between both filed motion[s], I was <u>sexually</u> molested (assaulted), physically assaulted by defendants Kinsley [sic] and Wilkenson respectively, and ignored by defendant Tressapo who failed to protect me. So, are [we to] wait until they (officials) succeed in killing me? or [is] responsible action going to be tooken [sic] to avoid/prevent an [sic] tragedy?

(McEachin Aff., Docket No. 37, at 4.) The correctional officers mentioned in Plaintiff's latest application are all named defendants in this case. In view of Plaintiff's allegations, the Court will conduct a second hearing, via video conference, to make an assessment of the allegations and determination as to whether injunctive relief is warranted.

**CONCLUSION**

Plaintiff's motion (Docket No. 33) to reinstate his prior motion for a temporary restraining order or preliminary injunction is denied. That motion (Docket No. 13) was denied by the Court during the video conference of September 7, 2007, with leave to renew. Plaintiff has now filed a new motion (Docket No. 37) for a temporary restraining order or preliminary injunction. By a separate Order, the Court will schedule a hearing via video conference to consider Plaintiff's latest application for injunctive relief.

IT IS SO ORDERED.

DATED:   July 14, 2008
         Rochester, New York

                    ENTER.

                    /s/ Charles J. Siragusa
                    CHARLES J. SIRAGUSA
                    United States District Court Judge